UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

Case No.   5:25-cv-02465-FLA-SSC                    Date: December 2, 2025

Title   Lawrence Reddick v. Shannon Discus, et al.

Present: The Honorable Stephanie S. Christensen, U.S. Magistrate Judge

| Teagan Snyder | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:         Attorneys Present for Defendants:
None Present                                            None Present

**Proceedings:**   (IN CHAMBERS) **Order to Show Cause**

Lawrence Reddick has applied to proceed *in forma pauperis* in this civil-rights action. (ECF 2.) The factual allegations are sparse. The complaint alleges that Plaintiff is a pre-trial inmate whose jail calls were recorded and used against him in a criminal prosecution which appears to be ongoing.[1] (ECF 1.) He sues the San Bernardino County Sheriff, and his department for allowing an unspecified policy to exist allowing such recording; a deputy district attorney who "ignore[d]" the facts; and an unnamed judge who seemingly handled a motion brought by Plaintiff challenging the lawfulness of the recording. (*Id.* at 5.) He seeks to have his criminal cases dismissed and erased from his records, and $10 million. (*Id.* at 6.)

---

[1] This is the second of two civil-rights lawsuits Plaintiff filed in September 2025. The other is Case No. 5:25-cv-02390-FLA-SSC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   5:25-cv-02465-FLA-SSC                          Date: December 2, 2025

Title      Lawrence Reddick v. Shannon Discus, et al.

### THE STATUTORY SCREENING REQUIREMENT

The Court is required to screen any civil action in which a plaintiff proceeds *in forma pauperis* and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief can be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  Review for failure to state a claim under § 1915(e)(2)(B)(ii) uses the same standard as that which is applied under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim for two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory.  *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

In determining whether a plaintiff has stated a claim, courts accept as true the factual allegations contained in the complaint and view all inferences in a light most favorable to the plaintiff.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A court does not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *Id.*

### DEFICIENCES

### I

The exclusive method for challenging the fact or duration of a plaintiff's confinement is by filing a petition for a writ of habeas corpus.  *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005).  Under the doctrine announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), a claim that "necessarily implie[s] the invalidity of [a] conviction or sentence [may] not be maintained under § 1983 unless the [plaintiff] prove[s] 'that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  5:25-cv-02465-FLA-SSC           Date: December 2, 2025

Title   Lawrence Reddick v. Shannon Discus, et al.

conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination[s], or called into question by a federal court's issuance of a writ of habeas corpus.'" *Nonnette v. Small*, 316 F.3d 872, 875 (9th Cir. 2002) (quoting *Heck*, 512 U.S. at 486–87); *Wilkinson*, 544 U.S. at 81–82. *Heck* applies regardless whether the plaintiff seeks monetary or equitable relief. *Wilkinson*, 544 U.S. at 81–82; *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Whitaker v. Garcetti*, 486 F.3d 572, 583–85 (9th Cir. 2007).

Here, it appears from the alleged facts that Plaintiff is currently being prosecuted on the charges he claims were improperly brought. If so, the suit is *Heck*-barred.

## II

Section 1983 creates a cause of action against a person who, acting "under color of any statute . . . of any State[,]" deprives another of rights guaranteed under the Constitution. 42 U.S.C. § 1983; *see Thai v. County of Los Angeles*, 127 F.4th 1254, 1257 (9th Cir. 2025) (same). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a). While Rule 8 does not require detailed factual allegations, at a minimum, a complaint must allege sufficient facts to provide "fair notice" of both the particular claim being asserted and "the grounds upon which [the particular claim] rests[.]" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 & n.3 (2007) (citation modified). If a complaint does not clearly and concisely set forth factual allegations sufficient to provide defendants with notice of which defendant is being sued, on which theory, and what relief is being sought against them, the complaint fails to comply with Rule 8. *See,*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   5:25-cv-02465-FLA-SSC               Date: December 2, 2025

Title   Lawrence Reddick v. Shannon Discus, et al.

*e.g., McHenry v. Renne*, 84 F.3d 1172, 1177–78 (9th Cir. 1996) (a complaint must make clear "who is being sued, for what relief, and on what theory, with enough detail to guide discovery"); *Exmundo v. Kane*, 553 F. App'x 742, 743 (9th Cir. 2014) (affirming district court dismissal of § 1983 claims where plaintiff's allegations "were unclear as to the timing and nature of [the defendant's] actions").

Here, the complaint violates Rule 8 because it fails to identify which constitutional amendments[2] were allegedly violated, and contains only cursory allegations regarding Defendants' actions.

### III

Plaintiff's action names defendants who are immune from suit. Judges, commissioners, and court staff assisting them are immune from suits arising out of the exercise of their judicial functions. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Bradley v. Fisher*, 80 U.S. 335, 346–47 (1871). This is true even if a complaint includes conclusory statements of animus and legal error. *See Stump v. Sparkman*, 435 U.S. 349, 359 (1978) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."). "'A judge will not be deprived of immunity because the action [she or] he took was in error, was done maliciously, or was in excess of [her or] his authority; rather, [she or] he will be subject to

---

[2] Plaintiff states "My I, VI, XIV rights have been infringed[.]" (ECF 1 at 5.) He also references "false imprisonment, hostage, entrapment, and eavesdropping." (*Id.*) These references are within a single claim. Any amended complaint must make clear which constitutional amendments were allegedly violated and list each violation as a separate claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   5:25-cv-02465-FLA-SSC                Date: December 2, 2025

Title   Lawrence Reddick v. Shannon Discus, et al.

liability only when [she or] he has acted in the clear absence of all jurisdiction.'" *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987) (quoting *Stump*, 435 U.S. at 356–57) (other citation and internal quotation marks omitted)).

Further, "[p]rosecutors performing their official prosecutorial functions are entitled to absolute immunity against constitutional torts" otherwise "resentful defendants would bring retaliatory lawsuits against their prosecutors[.]" *Lacey v. Maricopa County*, 693 F.3d 896, 912 (9th Cir. 2012); *see also Mitchell v. Forsyth*, 472 U.S. 511, 522–23, (1985) ("[T]he judicial process is largely self-correcting: procedural rules, appeals, and the possibility of collateral challenges obviate the need for damages actions to prevent unjust results.").

Here, Plaintiff acknowledges this immunity, as least as to the prosecutor (ECF 1 at 3), and the few facts alleged concern conduct squarely within this immunity.

### IV

Although he sues both the sheriff's department and the sheriff in his official capacity,[3] Plaintiff has failed to state a claim for municipal liability.

---

[3] Official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). Accordingly, official-capacity claims against municipal officials in their official capacities are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   5:25-cv-02465-FLA-SSC                                         Date: December 2, 2025

Title        Lawrence Reddick v. Shannon Discus, et al.

      To state a claim for municipal liability, a plaintiff must show how the alleged constitutional deprivation resulted from a municipal policy or custom rather than the independent acts of individual municipal employees. *See Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (a county may not be held responsible for the acts of its employees under a respondeat superior theory of liability); *Kirkpatrick v. County of Washoe*, 843 F.3d 784, 793 (9th Cir. 2016) (en banc) (to state a § 1983 claim against a municipal entity, "a plaintiff must go beyond the respondeat superior theory of liability and demonstrate that the alleged constitutional deprivation was the product of a policy or custom of the local governmental unit"); *see also Moodian v. County of Alameda Social Services Agency*, 206 F. Supp. 2d 1030, 1037 (N.D. Cal. 2002) (applying municipal liability standard in § 1983 case against county social services agency and county social workers based on removal of children from parent's custody).

      Known as *Monell* liability, a plaintiff can establish local government liability in one of three ways. First, by commission, "when implementation of its official policies or established customs inflicts [a] constitutional injury." *Monell*, 436 U.S. at 708 (Powell, J., concurring); *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1249 (9th Cir. 2010) (noting that this category of conduct giving rise to municipal liability is sometimes referred to as "acts of commission"), *overruled on other grounds by Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc). Second, by omission, "when [the municipality's] omissions amount to the local government's own official policy." *Clouthier*, 591 F.3d at 1249. And third, by ratification, when "the

---

duplicative of claims against the municipality itself. *Vance v. County of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  5:25-cv-02465-FLA-SSC               Date: December 2, 2025

Title   Lawrence Reddick v. Shannon Discus, et al.

individual who committed the constitutional tort was an official with final policy-making authority or such an official ratified a subordinate's unconstitutional decision or action and the basis for it." *Id.* at 1250 (citation modified).

Here, the complaint alleges only that the sheriff allows unspecified "policies" to exist. Such conclusory allegations are inadequate. Accordingly, Plaintiff has failed to state a *Monell* claim.

## ORDER

For all these reasons, Plaintiff is **ORDERED TO SHOW CAUSE** no later than **January 5, 2026**, why this action should not be dismissed—in whole or in part—based on the deficiencies outlined above.

Plaintiff may satisfy this order by voluntarily dismissing this action using the attached form CV-09. Alternatively, Plaintiff may file an amended complaint containing only well-pleaded, actionable claims against non-immune defendants that fix the curable deficiencies.

Plaintiff is advised that any amended complaint entirely replaces the prior complaint in this action. Any amended complaint must:

(a) be labeled "First Amended Complaint";

(b) be complete in and of itself and not refer in any manner to the original complaint, *i.e.*, it must include all claims on which Plaintiff seeks to proceed, (*see* L.R. 15-2);

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | | |
|---|---|---|
| Case No. | 5:25-cv-02465-FLA-SSC | Date: December 2, 2025 |
| Title | Lawrence Reddick v. Shannon Discus, et al. | |

(c) contain a "short and plain" statement of the claim(s) for relief, Fed. R. Civ. P. 8(a);

(d) make each allegation "simple, concise, and direct," Fed. R. Civ. P. 8(d)(1);

(e) set forth clearly the sequence of events (including specific relevant dates) which allegedly gives rise to the claim(s) for relief, including how each defendant's specific conduct injured Plaintiff; and

(f) not add defendants or claims, except as contemplated by this order.

Plaintiff is cautioned, though, that he may be denied further leave to amend if he cannot "state a viable claim without contradicting any of the allegations of his original complaint." *Garmon v. County of Los Angeles*, 828 F.3d 837, 846 (9th Cir. 2016) (citation modified).

**Plaintiff is further cautioned that failure to file a timely response to this order to show cause will result in a recommendation to the district judge to dismiss this case for failure to comply with a court order.** *See* Fed. R. Civ. P. 41(b); L.R. 41-1.

**IT IS SO ORDERED.**

:
Initials of Preparer   **ts**